[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 568.]

THE STATE EX REL. STATE FIRE MARSHAL *v.* CURL, JUDGE, ET AL.

[Cite as *State ex rel. State Fire Marshal v. Curl*, 2000-Ohio-248.]

*Prohibition—Writ prohibiting judge of common pleas court from holding a contempt hearing and from ordering State Fire Marshal to issue a fireworks license—Mandamus to compel judge of common pleas court to issue a stay pending relator's appeal from trial court's grant of a writ mandamus compelling State Fire Marshal to issue a fireworks license— Writs granted, when.*

(No. 99-1344—Submitted October 12, 1999—Decided January 26, 2000.)

IN PROHIBITION and MANDAMUS.

————————————

{¶ 1} Frank V. Darst is the president and sole shareholder of Green River Display Company, Inc. ("Green River"). In September 1997, Green River applied to relator, State Fire Marshal James J. McNamee, for the transfer of an Ohio wholesale and manufacturing fireworks license from Columbus Fireworks Display Co., Inc. ("Columbus Fireworks") to Green River. After the State Fire Marshal refused to approve the transfer, Green River and Darst filed a mandamus action in the Morrow County Court of Common Pleas.

{¶ 2} On May 25, 1999, respondent, Judge Dean E. Curl of the common pleas court, granted a writ of mandamus to compel the State Fire Marshal to issue the fireworks license to Green River within seven days. On June 1, 1999, Judge Curl denied the State Fire Marshal's motion to stay the common pleas court decision pending appeal, and the State Fire Marshal filed a motion in the court of appeals requesting a stay of Judge Curl's judgment from that court. Shortly thereafter, Green River and Darst filed a motion in the court of appeals to hold the State Fire Marshal in contempt of Judge Curl's judgment.

**{¶ 3}** Following the court of appeals' order requiring Judge Curl to specify his reasons for denying the motion for stay filed in the common pleas court and Judge Curl's issuance of these reasons, the court of appeals denied the State Fire Marshal's motion for stay. The court of appeals also denied Green River and Darst's contempt motion, and stated that such motion should be directed to the common pleas court. Judge Curl subsequently advised the State Fire Marshal that if he failed to issue the fireworks license to Green River by July 20, the judge would issue a warrant for his arrest.

**{¶ 4}** On July 19, the State Fire Marshal filed this action for a writ of prohibition to prevent Judge Curl from holding a contempt hearing on July 20, and to prevent Judge Curl from ordering the State Fire Marshal to issue a fireworks license to Green River pending appeal. The State Fire Marshal also requested a writ of mandamus to compel Judge Curl to issue the stay pending appeal. We granted an alternative writ and issued a schedule for the presentation of evidence and briefs. Green River and Darst were granted leave to intervene as respondents. Although the State Fire Marshal and the intervening respondents filed evidence and briefs, Judge Curl decided not to file anything in opposition to the State Fire Marshal's action.

**{¶ 5}** This cause is now before the court for a consideration of the merits.

———————————

*Betty D. Montgomery*, Attorney General, and *Barbara A. Servé*, Assistant Attorney General, for relator.

*Tom C. Elkin*, Morrow County Assistant Prosecuting Attorney, for respondent.

*Kegler, Brown, Hill & Ritter* and *Donald W. Gregory*, for intervening respondents.

———————————

***Per Curiam.***

**{¶ 6}** The State Fire Marshal asserts that he is entitled to the requested extraordinary relief in prohibition and mandamus. If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. See *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 393, 678 N.E.2d 549, 552.

**{¶ 7}** Once an appeal is taken, the trial court is divested of jurisdiction except "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 90, 378 N.E.2d 162, 165; *Haller v. Borror* (1995), 107 Ohio App.3d 432, 436, 669 N.E.2d 17, 19.

**{¶ 8}** A trial court, however, lacks jurisdiction to execute a judgment or contempt proceedings regarding the judgment if there is a stay of the judgment pending appeal. *In re Kessler* (1993), 90 Ohio App.3d 231, 236, 628 N.E.2d 153, 156; see, also, *Oatey v. Oatey* (1992), 83 Ohio App.3d 251, 257, 614 N.E.2d 1054, 1058, where the court of appeals held that "[t]he mere filing of a notice of appeal from the order * * * *does not divest the * * * court of jurisdiction to enforce an* interlocutory or final *order pending appeal unless the party is granted a stay of execution of the order*." (Emphasis added.) See *Dandino v. Finkbeiner* (Oct. 27, 1995), Lucas App. No. 95-030, unreported, 1995 WL 628222.

**{¶ 9}** As the State Fire Marshal correctly contends, he was entitled to a stay of the judgment as a matter of right pursuant to Civ.R. 62(B) and (C), which provide:

"(B) Stay upon appeal. When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing

the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

"(C) Stay in favor of government. When an appeal is taken by this state or political subdivision, or administrative agency of either, or by any officer thereof acting in his representative capacity and the operation or enforcement of the judgment is stayed, no bond, obligation or other security shall be required from the appellant."

{¶ 10} After construing Civ.R. 62(B) and (C) *in pari materia[1]*, cf. *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079, 1083, we find that the State Fire Marshal was manifestly entitled to a stay of Judge Curl's judgment pending his appeal. In *State ex rel. Ocasek v. Riley* (1978), 54 Ohio St.2d 488, 8 O.O.3d 466, 377 N.E.2d 792, we granted a writ of prohibition to prevent a trial court from proceeding with an evidentiary hearing and ancillary proceedings on the motion of several government officers for a stay pending their appeal in a civil case. We expressly and unanimously held:

"Pursuant to [Civ.R. 62], defendants-appellants are entitled to a stay of the judgment as a matter of right. The lone requirement of Civ.R. 62(B) is the giving of an adequate supersedeas bond. Civ.R. 62(C) makes this requirement unnecessary in this case, and respondent has no discretion to deny the stay. Therefore, the evidentiary hearing on the stay and the related depositions are inappropriate proceedings." 54 Ohio St.2d at 490, 8 O.O.3d at 467, 377 N.E.2d at 793.

{¶ 11} In this regard, the Ohio Rules of Civil Procedure, including Civ.R. 62, were patterned after the Federal Rules of Civil Procedure. See *Littleton v. Good Samaritan Hosp. & Health Ctr.* (1988), 39 Ohio St.3d 86, 101, 529 N.E.2d 449,

---

1. Neither Judge Curl nor the intervening respondents assert that Civ.R. 62(B) and (C) should not be construed *in pari materia*. dissent.

462. Fed.R.Civ.P. 62(d) and (e) contain the following language, which in pertinent part mirrors Civ.R. 62(B) and (C):

"(d) STAY UPON APPEAL. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

"(e) STAY IN FAVOR OF THE UNITED STATES OR AGENCY THEREOF. When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant."

{¶ 12} Our interpretation of Civ.R. 62(B) and (C) in *Ocasek* comports with the interpretation of the similarly worded Fed.R.Civ.P. 62(d) and (e) by the leading treatises and a majority of federal courts. See, generally, 11 Wright, Miller & Kane, Federal Practice and Procedure (2 Ed.1995) 520, Section 2905 ("The stay [pending appeal] issues *as a matter of right* in cases within Rule 62[d], and is effective when the supersedeas is approved by the court. Under Rule 62[e], no supersedeas bond is required on appeals on behalf of the United States.") (Emphasis added.); *Hoban v. Washington Metro. Area Transit Auth.* (C.A.D.C.1988), 841 F.2d 1157, 1159, at fn. 6, quoting 7 Moore & Lucas, Moore's Federal Practice (2 Ed.1985) 62-36, Section 62.07 (" '*When an appeal is taken by the United States* or an officer or agency thereof or by the direction of any department of the Government of the United States' and a stay is authorized under other subdivisions of Rule 62, *the United States is entitled to a stay without the necessity of giving bond, obligation or security*.") (Emphasis added.); see, also, *Becker v. United States* (1981), 451 U.S. 1306, 1308, 101 S.Ct. 3161, 3162, 68 L.Ed.2d 828, 831 (Rehnquist, C.J., as Circuit Justice), referring to the *automatic stay* provisions of Fed.R.Civ.P. 62(d);

*Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.* (U.S.1966), 87 S.Ct. 1, 17 L.Ed.2d 37 (Harlan, J., as Circuit Justice), referring to a stay pending appeal as a *matter of right*; *Lightfoot v. Walker* (C.A.7, 1986), 797 F.2d 505, 507 ("Rule 62[e] * * * entitles the federal government [and its departments, agencies and officers] to a stay of execution pending appeal, without its having to post bond or other security * * *.); *In re Pansier* (Bankr.Ct., E.D.Wis.1997) 212 B.R. 950, 952 ("[B]y virtue of Rule 62[d] and [e], Fed.R.Civ.P., the IRS is entitled, as a matter of law, to a stay pending appeal.").

{¶ 13} For example, in *Hoban*, *supra*, at 1159, the United States Court of Appeals for the District of Columbia applied the similarly worded D.C. Superior Court Rule 62 provisions to hold, as we do here, that the governmental entity appealing the civil judgment was entitled to a stay pending appeal as a matter of right without posting a supersedeas bond:

"This rule clearly exempts W[ashington] M[etropolitan] A[rea] T[ransit] A[uthority] from posting a bond when a judgment is stayed. Literally read, however, it does not entitle WMATA to a stay as a matter of right. Rather, one must read Superior Court Rule 62(e) in tandem with Superior Court Rule 62(d), to determine whether WMATA is entitled to a stay as a matter of right. Superior Court Rule 62(d) grants an automatic stay when a supersedeas bond is posted. * * * Superior Court Rule 62(e) operates to provide an exception to the bond requirement of Superior Court Rule 62(d). Accordingly, WMATA, as an agency of the District of Columbia, is entitled to a stay as a matter of right, without posting a supersedeas bond."

{¶ 14} Ohio treatises concur in the foregoing result. See McCormac, Ohio Civil Rules Practice (2 Ed.1992) 385, Section 13.33; Klein & Darling, Civil Practice (1997) 722, Section 62-3 ("When an appeal is taken by a state or political subdivision, an administrative agency of either, or an officer acting in a representative capacity for either, no bond or other security is necessary to make

the stay effective. Thus, no hearing is required to determine whether the state is entitled to a stay."); Whiteside, Ohio Appellate Practice (1999) 27, Section 1.19 ("Under Civil Rule 62[B] the appellant is entitled to a stay of execution, although the stay becomes effective only after the appropriate supersedeas or appeal bond is posted by appellant and approved by the trial court. The stay is virtually automatic as to governmental agencies, which are exempt from the bond requirement.").

{¶ 15} Therefore, our conclusion that the State Fire Marshal was entitled to a stay as a matter of right pending his appeal is supported by precedent, the views of state and federal experts in the field, as well as federal courts construing similarly worded rules of civil procedure.

{¶ 16} Further, *Ocasek* is indistinguishable from the instant case, and for the reasons previously set forth, it should not be overruled. *Ocasek* has remained the law in this state for over twenty-one years without any successful challenge to its holding, and Ohio courts have cited and relied on *Ocasek* throughout that period. See, *e.g., Kelm v. Hess* (1983), 8 Ohio App3d 448, 8 OBR 572, 573, 457 N.E.2d 911, 912; *State ex rel. Gallia Cty. Bd. of Mental Retardation & Dev. Disabilities v. Gallia Cty. Bd. of Commrs.* (Feb. 11, 1985), Gallia App. No. 84CA2, unreported, 1985 WL 6535; *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 198, 541 N.E.2d 80, 88; *In re Liquidation of Vallewoody S. & L. Assn.* (1989), 60 Ohio App.3d 64, 65, 573 N.E.2d 1193, 1195, fn. 1; *Fifth Third Bank v. The Wallace Group, Inc.* (Nov. 2, 1994), Hamilton App. No. C-930699, unreported, 1994 WL 603149; *Hagood v. Gail* (1995), 105 Ohio App.3d 780, 785, 664 N.E.2d 1373, 1376; *Hamilton v. Fairfield Twp.* (1996), 112 Ohio App.3d 255, 273, 678 N.E.2d 599, 611.

{¶ 17} Therefore, pursuant to *Ocasek*, the State Fire Marshal is entitled to the requested writs because he should have been granted a stay pending his appeal from the trial court's judgment. No bond was necessary. Civ.R. 62(C). Because the State Fire Marshal was entitled to a stay of the judgment, Judge Curl patently

and unambiguously lacked jurisdiction either to enforce the judgment or to conduct contempt proceedings. Although a writ of mandamus will generally not issue to control judicial discretion even if that discretion is abused, the writ will lie in certain circumstances where a lower court has *no discretion* on a matter. See, *e.g., State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 102, 647 N.E.2d 792, 796-797. Here, Judge Curl had no discretion to deny the State Fire Marshal's motion for a stay. *Ocasek*, 54 Ohio St.2d at 490, 8 O.O.3d at 467, 377 N.E.2d at 793; see, generally, McCormac, Ohio Civil Rules Practice, at 385, Section 13.33 ("Where the government is seeking a stay [in an appeal from a judgment in a civil case], the court has no discretion to deny it.").

{¶ 18} Judge Curl did not refute any of the foregoing, including the application of *Ocasek* to this action, and the intervening respondents do not contend that *Ocasek* should be overruled. The intervening respondents instead rely upon *Dayton City School Dist. Bd. of Edn. v. Dayton Edn. Assn.* (1992), 80 Ohio App.3d 758, 610 N.E.2d 615. *Dayton City*, however, is inapposite because it addresses the power of a *court of appeals* under Civ.R. 62(D) and App.R. 7(A) to grant injunctive relief pending appeal, rather than the duty of a trial court pursuant to Civ.R. 62(B) and (C). The court of appeals issued no injunction pursuant to Civ.R. 62(D) and App.R. 7 in the underlying case.

{¶ 19} Based on the foregoing, the State Fire Marshal is entitled to the requested writs of prohibition and mandamus. Accordingly, we grant the State Fire Marshal a writ of prohibition to prevent Judge Curl from conducting contempt proceedings or attempting to enforce the judgment in the underlying case pending the State Fire Marshal's appeal of the judgment to the court of appeals, and we grant a writ of mandamus to compel Judge Curl to issue a stay of the judgment pending appeal.

*Writs granted*.

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent.

————————————

**DOUGLAS, J., dissenting**.

{¶ 20} I respectfully dissent but I do so with considerable alarm. It is my belief that today the majority makes a terrible mistake, one based in neither law nor good sense.

{¶ 21} Relator seeks a writ of prohibition from this court to prevent respondent, the Honorable Dean E. Curl, Judge of the Common Pleas Court of Morrow County, from holding a contempt hearing. The dispositive issue before us does not involve a contempt proceeding, notwithstanding relator's valiant, and apparently successful, attempt to frame it as such. The real issue is whether trial courts of this state (and really, also, by logical extension, appellate courts) are mandated by rule to grant stays of their judgments regardless of the fact patterns before them. The question can be resolved simply by deciding whether the trial judge herein improperly exercised his discretion when he denied the State Fire Marshal's motion to stay the trial court's decision wherein the trial court held that the license in question should issue.

{¶ 22} Civ.R. 62 is entitled "Stay of Proceedings to Enforce a Judgment." The rule has five subparts, (A) through (E). For our purposes here, only subparts (A), (B), and (C) are pertinent. Following, I quote these three subparts because it is necessary to do so for a proper determination of the matter before us *and* because, for some unexplained but, I believe, obvious reason, the majority just summarily ignores subpart (A) of the rule.

{¶ 23} Civ.R. 62 provides:

"(A) Stay on motion for new trial or for judgment

"In its *discretion* and on such conditions for the security of the adverse party as are proper, the court *may stay* the execution of any judgment or stay any proceedings to enforce judgment pending the disposition of a motion for a new trial,

or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment notwithstanding the verdict made pursuant to Rule 50.

"(B) Stay upon appeal

"When an appeal is taken the appellant *may obtain* a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

"(C) Stay in favor of the government

"When an appeal is taken by this state or political subdivision, or administrative agency of either, or by any officer thereof acting in his representative capacity *and the operation or enforcement of the judgment is stayed*, no bond, obligation or other security shall be required from the appellant." (Emphasis added.)

**{¶ 24}** By its decision today, the majority concludes that, pursuant to Civ.R. 62, a trial judge is devoid of discretion when considering a motion to stay execution of a judgment. The majority may argue or assert that its decision involves only stays sought by a governmental entity or representative and not private (non-governmental) persons. Since, however, *only* subpart (C) of the rule applies to government and the majority relies on subpart (B) as well, it is clear to me that today's decision applies to all parties, governmental or private, who might be seeking a stay of a trial court's judgment. However, even if limited to governmental actors, the majority's decision is still wrong. Given the clear language of Civ.R. 62(A) and App.R. 7(A), it is difficult to discern how the majority reaches the conclusion it has reached. The majority should have given a closer look at the applicable rules and the practical application of its decision.

I

Civ.R. 62(A)

{¶ 25} It should be first noted, and that should be the end of the discussion, that Civ.R. 62(A) *starts* out "[i]n its *discretion* * * * the court *may stay* the execution of any judgment * * *." (Emphasis added.) I believe no further discussion is needed here concerning the words "discretion" and "may."

## II

### Civ.R. 62(B)

{¶ 26} Civ.R. 62(B) commences with the language "[w]hen an appeal is taken the appellant *may obtain* a stay of execution of a judgment * * *." (Emphasis added.) Again, the rule contemplates, I believe, that an appellant *may* seek and obtain, if granted, a stay of judgment.

## III

### App.R. 7(A)

{¶ 27} App.R. 7(A) provides that "[a]*pplication for a stay* of the judgment or order of a trial court pending appeal * * * must ordinarily be made in the first instance in the trial court. *A motion* for such relief * * * may be made to the court of appeals [and] * * * *the motion shall show that application to the trial court for the relief sought is not practicable, or that the trial court has, by journal entry, denied an application* or failed to afford the relief which the applicant requested." (Emphasis added.)

{¶ 28} Like Civ.R. 62(A), App.R. 7(A) is clear. There would be no reason for the verbiage "application for a stay" if a stay was automatic subject only to the posting of a supersedeas bond. There also would be no reason for the language "or that the trial court has, by journal entry, denied an application [for a stay]" if the trial court had no discretion in deciding whether to grant a stay. If trial courts are required to grant stays of their judgments, then portions of both Civ.R. 62(A) and App.R. 7(A) are a nullity. Thus, by their very terms, Civ.R. 62 and App.R. 7 contemplate that trial courts have authority to deny an application for stay of trial court judgments.

IV

Civ.R. 62(C)

{¶ 29} The majority argues that pursuant to Civ.R. 62(B) and (C), the State Fire Marshal "was entitled to a stay of the judgment as a matter of right pursuant to Civ.R. 62(B) and (C) * * *." The majority is in error. All subpart (C) of Civ.R. 62 does is waive the posting of a bond when it is the government that is seeking, and is successful, in its application for a stay. The language "*and the operation or enforcement of the judgment is stayed*" is not mere surplusage. (Emphasis added.) If it was meant that a stay, upon request, was mandated and compulsory, the rules, at some place—and probably in Civ.R. 62(C)—would say that "when the automatic stay is ordered, the government is not required to post a bond or other security." Instead, the wording used is "[w]hen an appeal is taken by this state * * * *and* the operation or enforcement of the judgment is stayed * * *," then no bond is required. (Emphasis added.) Therefore, subpart (C) standing alone or in concert with subpart (B) does not give an "applicant" a stay as a matter of right, and this is especially so when these parts are considered in conjunction with Civ.R. 62(A) and App.R. 7(A).

V

*Ocasek v. Riley*

{¶ 30} In reaching its conclusion that a stay of a trial court's order is a matter of right, the majority relies on *State ex rel. Ocasek v. Riley* (1978), 54 Ohio St.2d 488, 8 O.O.3d 466, 377 N.E.2d 792. I believe that *Ocasek* is distinguishable, but if it is not, then the case should be either limited to its facts or overruled.

{¶ 31} In *Ocasek* this court dealt only with subparts (B) and (C) of Civ.R. 62. No consideration, at least as appears from the reported opinion, was given to Civ.R. 62(A) (the "in its discretion" language) or App.R. 7(A). While this seems strange, there may be a very good reason. The respondent in *Ocasek* was the Honorable Judge Paul E. Riley who was sitting by assignment in the Court of

Common Pleas of Hamilton County. He appeared in *Ocasek, pro se* and, more likely than not, did not file anything that would bring the other pertinent rules to the court's attention.[2]

**{¶ 32}** In any event, I would distinguish *Ocasek* from the case at bar on the basis that the *Ocasek* court was primarily concerned with the giving of a bond and Civ.R. 62(C). If that is found to be disingenuous, then I would limit *Ocasek* to its particular facts or simply overrule the case. What the *Ocasek* court missed, in addition to Civ.R. 62(A) and App.R. 7(A), is the condition precedent word "and" in subpart (C).

VI

The Case At Bar

**{¶ 33}** In July 1998, Green River filed, in the Morrow County Court of Common Pleas, an action against the State Fire Marshal and Columbus Fireworks, seeking a declaratory judgment that it, Green River, was entitled to the license in question and, also, seeking a writ of mandamus compelling the State Fire Marshal to approve the transfer of the license.

**{¶ 34}** Ten months later, on the 5th and 6th of May 1999, Judge Curl heard an extensive presentation of evidence and determined that Green River had established its right to the license and had satisfied all of the statutory requirements to receive approval of the State Fire Marshal for the transfer of the license. Judge Curl, after making sixty findings of fact and conclusions of law on the record, by entry dated May 25, 1999, allowed a writ of mandamus against the State Fire Marshal ordering the State Fire Marshal to approve the transfer of the license within

---

2. Interestingly, we have the same situation in this case. While intervening respondents Green River and Darst have responded, Judge Curl, the named respondent, has not filed anything in opposition, assuming, I would speculate, that this court knows about, and can read Civ.R. 62(A) and App.R. 7(A) and will continue the practice existing in all trial courts and courts of appeals that I know about, to wit: stays are a matter of discretion for trial judges and their denial or grant thereof can be reviewed by a court of appeals on an abuse-of-discretion standard.

seven days. The State Fire Marshal did not comply. On June 3, 1999, Green River filed a motion for contempt.

{¶ 35} On June 18, 1999, the State Fire Marshal requested Judge Curl to stay his May 25, 1999 order pending appeal. Judge Curl denied the request. The State Fire Marshal appealed and also requested the court of appeals to grant a stay. Green River, in the court of appeals, filed a motion for contempt and a motion to dismiss the State Fire Marshal's appeal.

{¶ 36} Following case law and rules, Judge W. Scott Gwin, of the Morrow County Court of Appeals, in an obviously well thought out and considered judgment entry, filed June 10, 1999, remanded to Judge Curl the State Fire Marshal's motion for stay with instructions to Judge Curl "to state, by judgment entered on or before June 25, 1999, *with particularity* its reasons for denying the motion for stay originally filed with that court." (Emphasis added.) Judge Curl promptly and respectfully complied. By judgment entry of June 18, 1999, the judge filed a comprehensive entry with the court of appeals setting forth his reasons for denying the requested stay.[3]

---

3. Judge Curl's judgment entry follows:

"This matter comes on for entry of judgment stating the trial court's reasons for denying the motion for stay pending the defendant State Fire Marshal's (SFM) appeal of the trial court's decision. The decision ordered transfer of a fireworks manufacture license to appellee.

"This case was in large part presented on stipulated facts, with some supplementation by live witnesses. The facts of the case were generally undisputed. I refer the Court of Appeals to the findings and conclusions in the original judgment entry for a detailed factual statement of the case.

"The SFM contended that the Caccavello license could not be transferred to Green River/Darst because (1) the moratorium statute on issuance of new fireworks manufacture licenses prevented assignment or transfer of the existing Caccavello license; and (2) the Caccavello license ceased to exist when it was surrendered by defendant Caccavello to the U.S. Federal Court as part of a plea bargain that [was] not entered into or effected *before* the same license had been assigned by Caccavello to Appellee Green River/Darst.

"It appears that Darst was in effect a bonafide purchaser for value, without notice of the proposed plea agreement. The SFM staff was aware of the proposed Caccavello plea agreement, and the assignment of the license (when Darst applied for transfer of license), but for reasons that were never explained, withheld such information from Darst and further advised Darst that the license would be transferred conditioned upon his compliance with two (2) events. The conditions were satisfied, but the license was denied transfer after Darst had closed on purchase of the plant and license in reliance upon the representations for the SFM. There was no evidence or suggestion

14

{¶ 37} The matter was then again before the court of appeals. On July 6, 1999, Judge Gwin overruled the State Fire Marshal's motion for stay of the trial court's judgment pending appeal for the reasons stated in Judge Curl's judgment entry of June 18, 1999. Judge Gwin also overruled Green River's motion for contempt and said that "[s]uch motion should be directed to the trial court."

{¶ 38} In spite of orders from a trial court and a court of appeals, the State Fire Marshal has still not complied. His response was to file the action now before

---

that Darst was other than a qualified applicant for transfer of license, and no reason for denial of transfer was offered except for the moratorium and the effect of the Caccavello surrender of this license to the Federal Court after the license had previously been assigned to appellee.

"This case is one which, in the trial court's opinion, the law, facts and equities all fall in favor of the appellee. I believe that the legal contentions of the SFM in support of its denial of license transfer were fatally flawed.

"With respect to the moratorium, the statute creating the moratorium on issuance of *new* licenses specifically excepted from its provisions the transfer of existing licenses.

"The argument that the license ceased to exist upon its surrender by Caccavello to the Federal Court (and therefore subject to the moratorium) fails to consider that the assignment preceded the plea agreement, and left no license to surrender to the Court. Incident[ally], there was nothing submitted to the court, either in document form or live testimony (U.S. Attorney Marous testified live), which suggest[s] that the Federal Court was interested in anything other than assuring that Caccavello was no longer in the fireworks business. No action was taken against Caccavello by the Federal Court for his apparent deception in surrendering a license he had previously assigned to Darst.

"In summary, the court felt that the SFM position in this case was extremely weak, given the lack of statutory support for their arguments and their deception with respect to transfer to Darst indicating the license would be transferred, and despite their knowledge of the proposed plea agreement. In fact, the action of the SFM seemed so unsupportable that the Court felt no duty to delay implementation of the judgment.

"The Trial Judge had no reason to doubt appellee's claim of impending financial ruin if the matter is not resolved quickly. It seems that much of the fireworks revenue is derived from its July 4 fireworks shows and appellee needs the license to meet several commitments for this year's shows.

"Appellee Darst suggests to the Court that his damages are irreparable and probably not recoverable even if he (appellee) prevails at the pending appeal process. But Darst points out that if the appeal by appellant * * * succeeds, any license issued in the interim period could be revoked as a part of the reversal (they agree to yield to such a court revocation).

"The Court also considered the state's exemption from filing an appeal bond, and one can only speculate on the obstacles which would impede appellee in attempting to recover from the State of Ohio any damages resulting from an unsuccessful appeal.

"These are the reasons for my denial of the stay of judgment. The trial court has received a motion to punish the SFM for contempt in [failing] to comply with the judgment. Upon hearing the motion, the Court has ordered the contempt motion to be held in abeyance pending the ruling upon the stay by the appeals court. Dated June 18th, 1999." (Emphasis in the original.)

us, seeking the extraordinary writs of prohibition and/or mandamus to prevent Judge Curl from further seeking to enforce his order. It is the State Fire Marshal's position that a stay must automatically be granted by the trial court (and presumably the court of appeals), and that neither court has the discretion to deny a requested stay no matter that irreparable harm has been suffered by Green River, and continues yet to this day—some one and one-half years later. In fact it would seem that the State Fire Marshal is also saying that we, this court, have no discretion but to order a stay and prevent Judge Curl from exercising his continuing jurisdiction, and the majority countenances this. Who was it that complained about our accepting jurisdiction in *State ex rel. Ohio Academy of Trial Lawyers et al. v. Sheward*?

## VII

### Examples

{¶ 39} I had intended to recite some of the consequences of the majority's decision but there are so many and they are so obvious that I will not, here, take the time or use the space to give examples. Each of us, I am sure, can think of consequences that would result from taking away the discretion of courts regarding stays.

## VIII

### Conclusion

{¶ 40} Any interested reader should take the time to get the record and to read the facts in the underlying case. What the government has done to these citizens over this long period of time is, simply, outrageous. Not only have they been badly mistreated by their government, but they are paying taxes to support the funding of the lawyers and public servants who continue to fight them, as well as having to pay their own counsel. Now who are the "conservatives" and who are the "liberals"?

**{¶ 41}** Accordingly, because I believe the majority's decision is wrong on the facts, wrong on the law, and, in addition, dangerous, I dissent.[4]

RESNICK and PFEIFER, JJ., concur in the foregoing dissenting opinion.

———————————

4. This dissent was authored before the majority had the original majority opinion rewritten. This case has already been delayed too long, so I have not taken the time to respond to the majority's new assertions.

It would appear, however, that when the majority grants "a writ of mandamus to compel Judge Curl to issue a stay of the judgment pending appeal," and Judge Curl follows that command, the intervening respondents herein can file a motion in the court of appeals to dissolve the stay (the underlying case is already there on appeal) and the court of appeals may, apparently, grant the motion. This, of course, is an action already, in effect, taken by the court of appeals when that court denied the State Fire Marshal's previous request for a stay. When and if that occurs, then we are back at square one—except that Judge Curl is also prohibited by order of this court from exercising the lawful jurisdiction of the trial court in a contempt proceeding. Strange, indeed.