[Cite as *Greene Cty. Treasurer v. Limoli*, **2013-Ohio-4944.**]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

GREENE COUNTY TREASURER              :

    Plaintiff-Appellee               :               C.A. CASE NO.    2011 CA 53

v.                                   :               T.C. NO.    10CV366

JAMES L. LIMOLI, et al.              :               (Civil appeal from
                                             Common Pleas Court)

    Defendants-Appellants            :

                                     :

. . . . . . . . . .

## O P I N I O N

Rendered on the _____8th_____ day of _____November_____, 2013.

. . . . . . . . . .

PATRICIA N. CAMPBELL, Atty. Reg. No. 0068662, 90 E. Franklin Street, Bellbrook, Ohio 45305
    Attorney for Plaintiff-Appellee

JOHN K. LIMOLI, Atty. Reg. No. 0058551, 1402 Sunset Drive, Fairborn, Ohio 45324
    Attorney for Defendant-Appellant

MICHELLE S. VOLLMAR, Atty. Reg. No. 0065440 and MICHAEL B. MILLER, Atty. Reg. No. 0079305, 2160 Kettering Tower, Dayton, Ohio 45423
    Attorneys for Defendant-Appellee Estate of James L. Limoli and Darlene Limoli

THOMAS W. KENDO, JR., Atty. Reg. No. 0058548, 7925 Paragon Road, Dayton, Ohio 45459
    Attorney for Defendant-Appellee Jennifer Limoli

. . . . . . . . . .

FROELICH, J.

{¶ 1}   John Limoli appeals from two judgments of the Greene County Court of Common Pleas: (1) a judgment and decree of foreclosure, dated September 15, 2011, in favor of the Greene County Treasurer concerning the property located at 1402 Sunset Drive, of which John Limoli owns a one-half interest, and (2) a judgment, dated October 24, 2013, which vacated the September 15, 2011 judgment, found that the parties had agreed to settle the action, adopted the terms of the parties' settlement, and ordered the parties to comply with that settlement.  (The October 24, 2013 judgment made final a January 25, 2013 decision finding that the case had settled in mediation.)

{¶ 2}    For the following reasons, the trial court's October 24, 2013 judgment will be affirmed; the appeal from the September 15, 2011 judgment and decree of foreclosure will be dismissed as moot.

## I.  Factual and Procedural History

{¶ 3}    This is a foreclosure action brought by the Greene County Treasurer due to delinquent real estate tax payments.

{¶ 4}    In March 2010, the Greene County Treasurer brought suit against James Limoli, John Limoli, and others, alleging that James Limoli and John Limoli (who are brothers) were the owners of the property located at 1402 Sunset Drive and that $7,370.64 was due and owing in delinquent taxes, assessments, adjustments, charges, penalties and interest on the property.  The treasurer asked that the lien on the property be foreclosed and that the property be sold.  James Limoli died shortly after the complaint was filed.  The estate of James Limoli, James's widow, Darlene Limoli, and James's daughter, Jennifer

Limoli, were added as parties.

{¶ 5}   The Limolis and the estate of James Limoli filed answers to the complaint. The estate and Darlene Limoli also brought a cross-claim against John Limoli seeking contribution and indemnification for any amounts for which they (the estate and Darlene Limoli) might be found liable.

{¶ 6}   In June 2011, the treasurer moved for summary judgment against the Limolis and James Limoli's estate.  The motion was supported by an affidavit by Richard Gould, the Greene County Treasurer, who stated that his duties as treasurer included "keeping records of real estate taxes owed and paid on parcels of Greene County, Ohio, real estate."  Gould stated that he had in his "care, custody and control" the records of parcel #A02000100130004300 (A02-1-13-43), which corresponded to the Sunset Drive property, and that there was a current delinquency in real estate taxes owed in the amount of $10,543.61.  Gould indicated that no real estate tax payments had been made since February 26, 2007.

{¶ 7}   John Limoli (hereinafter, "Limoli") opposed the treasurer's motion, arguing that Gould's affidavit was inadequate because there was no indication that he had personal knowledge of the veracity of the records, that he had compiled the records, or that he had independently audited the records.  Limoli stated that he "takes issue" with the amount that Gould stated was owed, but Limoli did not provide any evidence that the real estate tax records were inaccurate.

{¶ 8}   On September 15, 2011, the trial court entered a judgment and decree of foreclosure in favor of the Greene County Treasurer, foreclosed the equity of redemption,

and ordered the property to be sold. Limoli timely appealed the trial court's judgment and decree of foreclosure. The trial court stayed its ruling pending appeal.

{¶ 9} On November 4, 2011, purportedly at the suggestion of the trial court, Limoli filed a motion in the trial court for relief from judgment, pursuant to Civ.R. 60(B). At the same time, he filed a motion with this Court asking for a limited remand to the trial court to allow the trial court to rule on the Civ.R. 60(B) motion. On December 6, 2011, we granted Limoli's motion and remanded the matter to the trial court "for the limited purpose of the trial court's ruling on appellant's request for relief from judgment."

{¶ 10} Three days later, on December 9, 2011, the trial court ordered the case to be referred to mediation. A mediation conference was held on February 7, 2012, at which time the parties reached a settlement. The mediation agreement, which was signed by all parties, was attached to the court mediator's status report. Counsel agreed to file an agreed entry with the trial court within 30 days.

{¶ 11} On March 8, 2012, the trial court filed an Agreed Entry and Judgment Entry and Decree of Foreclosure, which indicated that the parties had reached a settlement at mediation, vacated the September 15, 2011 judgment, adopted the terms of the settlement agreement, and ordered Limoli to dismiss his appeal. All of the parties, except Limoli, had signed the Agreed Entry. On the same day, Limoli filed a status report with this Court; the report noted that the trial court had not ruled on his Civ.R. 60(B) motion and, instead, had ordered the parties to engage in mediation, even though the trial court allegedly lacked jurisdiction to do so.

{¶ 12} On May 18, 2012, we noted that the trial court had entered the March 8,

2012 agreed entry and we ordered Limoli to show cause why this appeal should not be dismissed as moot. Limoli responded, arguing that the trial court lacked jurisdiction to rule other than on the pending motion for relief from judgment under Civ.R. 60(B), i.e., to order mediation, to file an agreed entry, and to dismiss the foreclosure action.

{¶ 13} On July 2, 2012, we issued a decision entry, which stated, in relevant part:

Once an appeal has been filed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. With respect to ruling on a Civ.R. 60(B) motion where an appeal is pending, the trial court lacks jurisdiction to proceed "unless the appellate court remands for the purpose of granting the trial court jurisdiction."

Here, we remanded this matter to the trial court only to grant jurisdiction so that the court could address Appellant's Civ.R. 60(B) [motion]. Its action outside of this limited remand is inconsistent with the exercise of our jurisdiction. Consequently, the March 8, 2012 judgment entry stemming from the mediation proceeding is void.

In order to cure this jurisdictional defect, we now remand this matter to the trial court to proceed with mediation and to enforce any agreement to settle this case entered into by the parties.

(Citations omitted.)

{¶ 14} Upon remand, the trial court referred the matter to a magistrate "for hearing and decision on the enforcement of the Mediation Agreement filed on March 8, 2012." A

hearing regarding the mediation agreement was held on November 7, 2012. (The record does not include a transcript of that hearing.) The following day, Limoli withdrew his Civ.R. 60(B) motion, noting that the motion had been pending for a year and the November 7 hearing did not address the Civ.R. 60(B) motion. On November 20, 2012, Limoli filed another status report with this Court, informing us that his Civ.R. 60(B) motion had been withdrawn and that "the current issue" is whether we granted "plenary jurisdiction to the trial court or whether the trial court's jurisdiction was limited to addressing the merits of the Civ.R. 60(B) motion before proceeding further."

{¶ 15} On December 6, 2012, the magistrate issued a decision finding that the trial court had jurisdiction to enforce the mediation agreement, that the parties had entered into a mediation agreement, and that the case had been settled. The magistrate ordered the parties to comply with the settlement agreement. Limoli objected to the magistrate's decision. On January 25, 2013, the trial court overruled Limoli's objections and found that the case was settled in mediation.

{¶ 16} In March 2013, after being informed of the status of the case, we ordered Limoli to file an amended notice of appeal that designated the January 25, 2013 decision as a judgment from which the appeal arises. Limoli complied with that order.

{¶ 17} Upon review of the January 25, 2013 decision, we determined that it was not a final appealable order. On October 9, 2013, we remanded the matter to the trial court to enter a final appealable order consistent with its January 25, 2013 entry. The trial court complied with our mandate on October 24, 2013. Pursuant to App.R. 4(C), we treated Limoli's amended notice of appeal as a premature notice of appeal of the trial court's

October 24, 2013 final judgment entry. This matter is now ripe for our review.

{¶ 18} Limoli raises three assignments of error. We will address them in an order that facilitates our analysis.

## II. Trial Court's Jurisdiction Upon Remand

{¶ 19} Limoli's second assignment of error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY EXERCISING PLENARY JURISDICTION WHEN ITS GRANT OF JURISDICTION WAS LIMITED TO DETERMINING THE MERITS OF THE CIV.R. 60(B) MOTION.

{¶ 20} In his second assignment of error, Limoli argues that the trial court acted without jurisdiction when it took actions other than ruling on his Civ.R. 60(B) motion.

{¶ 21} Initially, Limoli raises whether we had the authority to remand this matter to the trial court to address Limoli's Civ.R. 60(B) motion. It is well established that we have such authority. As stated by the Supreme Court of Ohio, "[W]e have expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. *Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion.*" (Emphasis added and citations omitted.) *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994); *see also*, *e.g.*, *Crump v. Batie*, 2d Dist. Clark No. 2012 CA 69, 2013-Ohio-2345, ¶ 16-17.

{¶ 22} Limoli further contends that the trial court exceeded its authority when it "issued other orders based on the mediation." Limoli argues that the court's mediation

referral – and the settlement that resulted from the mediation – were void, because the court lacked the authority, prior to July 2, 2012, to order the parties to engage in mediation.

{¶ 23} The Supreme Court of Ohio has long held that "[o]nce an appeal is taken, the trial court is divested of jurisdiction except 'over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *.'" *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570, 722 N.E.2d 73 (2000), quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). The negotiation of a settlement by the parties, whether with or without court involvement, may occur at any time during litigation. The trial court's order of mediation did not mandate a settlement; it merely required the parties to explore whether a settlement were possible. Even assuming, arguendo, that the trial court initially did not have jurisdiction to order mediation during the pendency of the appeal (absent a specific remand authorizing such action), the parties' voluntary settlement, which could have taken place without any court mandate, was not void.

{¶ 24} In our July 2, 2012 decision and entry, we agreed with Limoli that the court exceeded its authority by entering an order on March 8, 2012 that vacated the foreclosure judgment on grounds other than Civ.R. 60(B). However, in order to cure that jurisdictional defect, we again remanded this matter to the trial court for the purposes of proceeding with mediation and enforcing any agreement to settle this case entered into by the parties. After our July 2, 2012 remand, the trial court took actions to determine whether to enforce the settlement that the parties had reached. These actions were authorized by our July 2012

remand. Accordingly, the trial court had jurisdiction to enter its January 25, 2013 decision (and its October 24, 2013 judgment entry), which found that the case had been settled in mediation, as reflected by the signed settlement agreement. Limoli has raised no arguments concerning the merits of the January 25, 2013 decision.

{¶ 25} Limoli's second assignment of error is overruled.

## II. Trial Court's Grant of Summary Judgment and
## Failure to Grant Civ.R. 60(B) Relief

{¶ 26} Limoli's first and third assignments of error state:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANTS WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF BASED ON NOTHING MORE THAN A NAKED AFFIDAVIT.

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS WHEN IT REFUSED TO GRANT CIV.R. 60(B) RELIEF AND DISMISS THE ACTION BASED ON A SHOWING THAT THE ARREARAGE WAS PAID.

{¶ 27} Limoli's first assignment of error challenges the trial court's grant of summary judgment to the Greene County Treasurer. The third assignment of error challenges the trial court's failure to grant Limoli Civ.R. 60(B) relief. In light of disposition of Limoli's second assignment of error, both the first and third assignments of error are rendered moot. The case has been settled, the September 15, 2011 judgment and decree of foreclosure has been vacated, and no relief can be granted.

### III. Conclusion

**{¶ 28}** The trial court's October 24, 2013 judgment will be affirmed. Limoli's appeal from the September 15, 2011 judgment and decree of foreclosure will be dismissed as moot.

. . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Patricia N. Campbell
John K. Limoli
Michelle S. Vollmar
Michael B. Miller
Thomas W. Kendo, Jr.
Hon. Michael A. Buckwalter