[Cite as *Law Office of Josh Brown, L.L.C. v. Ohio Secy. of State*, 2024-Ohio-1265.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| THE LAW OFFICE OF JOSH BROWN LLC<br><br>    Requester<br><br>    v.<br><br>OHIO SECRETARY OF STATE<br><br>    Respondent | Case No. 2023-00510PQ<br><br>Judge Lisa L. Sadler<br><br><u>ENTRY</u> |

{¶1} On March 8, 2024, Respondent moved for a stay of execution of this Court's Decision and Entry of February 6, 2024, issued under R.C. 2743.75(F)(2), until Respondent's appeal to the Tenth District Court of Appeals (case No. 24AP-170) is concluded. Respondent urges that, pursuant to Civ.R. 62(B) and (C), he is entitled to a stay of execution, as a matter of right, without a requirement to post bond. Requester has not filed a timely response to Respondent's motion. The Court grants Respondent's motion for reasons set forth below.

{¶2} Pursuant to R.C. 2743.03(D), the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with [R.C. Chapter 2743]." Rule 62 of the Ohio Rules of Civil Procedure governs a stay of proceedings to enforce a judgment. Civ.R. 62 is consistent with R.C. Chapter 2743 insofar as a request for a stay generally is required to be made in a trial court in the first instance. *See* App.R. 7(A) ("[a]pplication for a stay of the judgment or order of a trial court pending appeal, or for the determination of the amount of and the approval of a supersedeas bond, must ordinarily be made in the first instance in the trial court"); *United States Bank Natl. Assn. v. Perdeau*, 6th Dist. Lucas No. L-13-1226, 2014-Ohio-155, ¶ 3 ("App.R. 7(A) requires that a request for a stay must first be made in the trial court, unless a justifiable reason for not doing so can be shown").

{¶3} Civ.R. 62 provides:

\* \* \*

(B) Stay upon appeal. When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

(C) Stay in favor of the government. When an appeal is taken by this state or political subdivision, or administrative agency of either, or by any officer thereof acting in his representative capacity and the operation or enforcement of the judgment is stayed, no bond, obligation or other security shall be required from the appellant.

\* \* \*

**{¶4}** In *State ex rel. Ocasek v. Riley*, 54 Ohio St.2d 488, 490, 377 N.E.2d 792 (1978), the Ohio Supreme Court interpreted a former version of Civ.R. 62(B) and (C), stating: "Pursuant to this rule, defendants-appellants [who were government actors] are entitled to a stay of the judgment *as a matter of right*.  The lone requirement of Civ. R. 62(B) is the giving of an adequate supersedeas bond.  Civ. R. 62(C) makes this requirement unnecessary in this case, and respondent has no discretion to deny the stay." (Emphasis added.)  *See State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 571, 722 N.E.2d 73 (2000) ("[o]ur interpretation of Civ.R. 62(B) and (C) in *Ocasek* comports with the interpretation of the similarly worded Fed.R.Civ.P. 62(d) and (e) by the leading treatises and a majority of federal courts").  *Accord Andrew Welsh-Huggins v. Office of the Prosecuting Attorney, Jefferson County, Ohio*, Ct. of Cl. No. 2018-00793PQ (Mar. 13, 2019) (entry granting stay of execution of judgment in a public-records case); *John Reigert v. State of Ohio Med. Bd.*, Ct. of Cl. No. 2022-00750PQ (June 13, 2023) (entry granting stay of execution in a public-records case).

**{¶5}** Based on Civ.R. 62, as interpreted by Ohio case law, and this Court's own precedent, the Court holds that Respondent is entitled to a stay of the Court's final

judgment in this case. The Court GRANTS Respondent's motion to stay execution of the Court's final judgment of February 6, 2024. The Court ORDERS that the Court's final judgment in this case is stayed until Respondent's appeal to the Tenth District Court of Appeals (case No. 24AP-170) is concluded. The Court further ORDERS that no bond, obligation, or other security is required from Respondent in accordance with Civ.R. 62(C). Costs associated with this entry shall be absorbed by the Court.

LISA L. SADLER
Judge

**Filed March 20, 2024**
**Sent to S.C. Reporter 4/4/24**