ECON, INC., an Illinois corporation, for and on behalf of itself and all others similarly situated as a common class, Plaintiff,

v.

ILLINOIS BELL TELEPHONE COMPANY, a corporate public utility chartered by the State of Illinois, Defendant-Third Party Plaintiff,

v.

UNITED STATES of America, Third-Party Defendant.

No. 72 C 744.

United States District Court, N. D. Illinois, E. D.

Nov. 27, 1972.

James R. Madler, Chicago, Ill., for plaintiff.

Robert V. R. Dalenberg, Chicago, Ill., for defendant-third-party plaintiff.

S. R. Waxman, Asst. U. S. Atty., Chicago, Ill., for third-party defendant.

## MEMORANDUM OF DECISION

TONE, District Judge.

This action was filed by the plaintiff, Econ, Inc., against the defendant, Illinois Bell Telephone Company in the Circuit Court of Cook County, Illinois. Illinois Bell removed the case to this Court and joined the United States as a third party defendant. The plaintiff asserts that it is a common carrier and seeks, on its own behalf and as representative of a class of all other Illinois common carriers, the return of monies collected by the defendant and remitted to the United States as a federal excise tax on certain

telephonic communications. Plaintiff alleges that there is no statutory authority for collecting an excise tax from common carriers who make long distance calls and calls of two or more units of service.

The United States has moved to dismiss the complaint on the ground that this Court lacks subject matter jurisdiction of the controversy, and Illinois Bell has answered the complaint with the same contention.

At issue in the case is the proper construction of Sections 4251–4253 of the Internal Revenue Code. Section 4251 imposes a federal excise tax on the charges for telephone service, defined and subject to exemptions as follows:

"§ 4252. *Definitions.*

.   .   .   .   .   .

"(b) *Toll telephone service.*—For purposes of this subchapter, the term 'toll telephone service' means—

"(1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States, and

"(2) a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

"§ 4253. *Exemptions.*

.   .   .   .   .   .

"(f) *Common carriers and communications companies.*—No tax shall be imposed under section 4251 on the amount paid for any toll telephone service described in section 4252(b)

(2) to the extent that the amount so paid is for use by a common carrier, telephone or telegraph company, or radio broadcasting station or network in the conduct of its business as such."

Econ's claim is based upon the contention that the service provided to it falls within Section 4252(b)(2) rather than 4252(b)(1) and is therefore exempt from taxation. The telephone company and the Government argue to the contrary.

■■■ The defendants say that the plaintiff primarily seeks a refund of a federal tax, with incidental injunctive and declaratory relief. They argue, and plaintiff appears to concede in its reply brief, that plaintiff cannot sue for a tax refund in either a federal or a state court without first filing a claim for a refund with the Internal Revenue Service, 26 U.S.C. § 7422. There is no allegation in the complaint that a claim for refund was filed. If this is indeed a suit to recover a federal tax refund, the absence of such an allegation is a fatal jurisdictional defect. 26 U.S.C. § 7422 (a); England v. United States, 261 F.2d 455 (7th Cir. 1958); Agron v. Illinois Bell Telephone Co., No. 67 C 2041, decided August 4, 1969 (N.D.Ill.). Moreover, a state court has no jurisdiction to entertain an action to recover federal tax payments, because the United States has waived its sovereign immunity from suit only for tax refund actions brought in the federal district courts or the Court of Claims. 26 U.S.C. § 7422, 28 U.S.C. § 1346. Removal from the state court does not cure the jurisdictional defect. Minnesota v. United States, 305 U.S. 382, 388, 59 S.Ct. 292, 83 L.Ed. 235 (1939).

■■ Plaintiff contends, however, that this action seeks not the refund of a federal tax but the recovery of "an exaction merely in the guise of a tax" and an injunction against future "exactions" of this kind. Plaintiff relies on Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), which holds that where, "under the most lib-

eral view of the law and the facts, the United States cannot establish its claim" that the monies paid to the United States constitute a valid tax, and where plaintiff has no adequate remedy at law, the provision proscribing suits for injunctive relief restraining the collection of federal taxes, 26 U.S.C. § 7421 (a), is inapplicable. We need not reach the question whether the *Enochs* rule permits recovery of past "exactions" in addition to an injunction. The *Enochs* case has no application here because it cannot be said "that, under the most liberal view of the law and the facts" the exaction was not authorized by the Internal Revenue Code. Rather, it appears that the defendants may very well establish their claim that 26 U.S.C. § 4253(f) does not exempt common carriers from the federal excise tax on the telephone service in question, which is ordinary long distance calls and calls of two or more units of service. Indeed, without attempting to decide finally the substantive question of statutory construction, the ordinary, common-sense meaning of the words of the statute seem to lend support to the Government's interpretation. At any rate, the payments in question here were clearly collected by Illinois Bell and remitted to the United States in good faith as excise taxes. The issue in the case is whether they were properly collected as excise taxes, and there is enough basis in the statute to assume that their collection may have been proper as excise taxes to make this action essentially a suit for a federal tax refund and not a suit for recovery of "an exaction merely in the guise of a tax." The case must therefore be governed by the jurisdictional requirement of 26 U.S. C. § 7422. If the plaintiff wishes an authoritative determination by a federal court of his asserted exemption, he may have one by filing a claim for a refund with the Internal Revenue Service and, upon its denial, instituting a suit in the district court against the United States directly as the real party in interest. Agron v. Illinois Bell Telephone Co., *supra*, 325 F.Supp. 487, 488 (N.D.Ill.1970),

rev'd on other grounds, 449 F.2d 906 (7th Cir. 1971).

The motion to dismiss is granted and the cause is dismissed for lack of subject matter jurisdiction.