PAL, APPELLANT, *v.* ABS INDUSTRIES ET AL., APPELLEES.

(No. 1142—Decided September 26, 1983.)

*Mr. Richard O. Pal, pro se.*
*Mr. Richard S. Pietch, for appellees.*

COOK, J. On November 9, 1982, plaintiff-appellant, Richard O. Pal, filed a complaint against appellee ABS Industries (hereinafter "ABS") alleging he had filed an Internal Revenue Service

Form W-4 with ABS claiming he was exempt from all withholding taxes pursuant to Section 3402(n), Title 26, U.S. Code. He further alleged that the Internal Revenue Service had notified ABS that appellant's exempt status was defective and instructed ABS to deduct withholding taxes, which ABS did in the amount of $1,192.20 for the period from October 18, 1981 through the remainder of 1981. Appellant sought to recover the $1,192.20 from ABS.

ABS, on December 14, 1982, filed a motion to dismiss appellant's complaint for failure to state a claim upon which relief could be granted pursuant to Civ. R. 12(B)(6). The trial court granted the motion without a hearing on January 21, 1983 on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.

Appellant has appealed the judgment of the trial court and has filed the following seven assignments of error:

"1. Judge Olsen has refused jurisdiction and, in the same sentence, has ruled that no cause of action was set forth in the Complaint. This seems to be contradictory.

"2. It would appear that Judge Olsen had originally accepted jurisdiction because memoranda were required on the defense Motion to Dismiss for failure to state a claim.

"3. The defense Motion did not attack the jurisdiction of the Court.

"4. Contrary to Judge Olsen, the Ashtabula Municipal Court does indeed have jurisdiction over this matter.

"5. Judge Olsen is mistaken in his belief that the Complaint does not set out a cause of action.

"6. Judge Olsen erroneously suggests that the plaintiff must seek relief from a third party.

"7. The plaintiff has been denied his United States Constitutional rights and in particular, but not limited to, the 4th, 5th, and 7th Amendments. The plaintiff has also been deprived of certain rights guaranteed by the Constitution of the State of Ohio, including, but not limited to, Article I, Sections 1, 5, 16, and 18."

The assigned errors are without merit.

Parties cannot confer jurisdiction on a court as to subject matter. Where judicial tribunals have no jurisdiction of the subject matter, their proceedings are void. A court will recognize want of jurisdiction over the subject matter, even if no objection is made by the parties. Whenever a want of jurisdiction is suggested by the court's examination of the case or otherwise, the court has a duty to consider it, for the court is powerless to act in the case without jurisdiction.

Civ. R. 12(H)(3) (formerly Civ. R. 12[H][2]) provides:

"Whenever it appears by suggestion of the parties or *otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added.)

Therefore, the trial court did not err in determining, *sua sponte,* whether it had subject matter jurisdiction in the instant cause, although the pending motion was a Civ. R. 12(B)(6) motion.

State courts have no jurisdiction over actions to recover federal tax payments. *Econ, Inc.* v. *Illinois Bell Tel. Co.* (N.D. Ill. 1972), 351 F. Supp. 1087. In *Econ,* the court, at 1088, held:

"* * * [A] state court has no jurisdiction to entertain an action to recover federal tax payments, because the United States has waived its sovereign immunity from suit only for tax refund actions brought in the federal district courts or the Court of Claims. * * *"

Section 3403, Title 26, U.S. Code, states:

"The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment."

We conclude that the trial court prop-

erly found it had no subject matter jurisdiction over appellant's complaint.

Since the trial court properly determined it had no subject matter jurisdiction of the instant cause, the court's ruling on the Civ. R. 12(B)(6) motion was a nullity since it had no jurisdiction to do so. However, since the trial court had no jurisdiction to proceed with the cause, such error was not prejudicial to appellant and the judgment of the Ashtabula Municipal Court is affirmed.

*Judgment affirmed.*

DAHLING and FORD, JJ., concur.