DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the petition of relators Sand Beach Conservancy District, et al., for the issuance of a writ of mandamus and/or prohibition. Relators seek an order from this court prohibiting respondent, Judge Charles D. Abood, *Page 2 
sitting by assignment in the Ottawa County Court of Common Pleas, from proceeding with a hearing scheduled in the case of Hack v. Sand BeachConservancy Dist., Ottawa County Common Pleas case No. 06CV458H("Hack"). Respondent has filed a motion to dismiss the petition. In addition, the plaintiffs in Hack, Kathleen Sprenger Hack, et al., have filed a motion for leave to file an amicus curiae brief or, in the alternative, to intervene, and relators have filed a motion to take judicial notice.
 {¶ 2} In Hack, Judge Abood issued a permanent injunction to prevent the construction of Lenson groin units at 8th and 9th Streets at Sand Beach in Ottawa County. Relators herein, the defendant's inHack, appealed that judgment to this court on June 6, 2007. Relators also sought a stay of Judge Abood's judgment. On June 14, 2007, Judge Abood granted relators' motion for an automatic stay pending appeal. Relators then proceeded to install the Lenson groin units.
 {¶ 3} Subsequently, the plaintiffs in Hack filed a motion in the trial court to dissolve the stay and declare relators' notice of appeal invalid. The plaintiffs asserted that relators had not held any public meetings, as required by law, at which it would deliberate on and decide how to comply with Judge Abood's order or, in the alternative, that it would file a notice of appeal, seek a stay and install the units. On August 8, 2007, Judge Abood issued an order denying the motion to declare relators' notice of appeal invalid but setting a hearing date for September 4, 2007 on plaintiffs motion to dissolve the stay. In response, relators filed the present petition for a writ of mandamus and/or prohibition to prevent Judge Abood from proceeding with the scheduled hearing. In a *Page 3 
decision and judgment entry of August 29, 2007, we issued an alternative writ ordering Judge Abood to file an answer or a motion to dismiss relators' petition, and stayed the scheduled hearing until further order of this court. Judge Abood has now filed a motion to dismiss the petition and relators have filed a memorandum in opposition.
 {¶ 4} The writs of mandamus and prohibition are extraordinary writs. Mandamus will only issue where the court finds "`that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law.'" State ex rel. Middletown Bd. of Edn.v. Butler Cty. Budget Comm. (1987), 31 Ohio St.3d 251, 253, quotingState ex rel. Westchester v. Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus. "In order for a writ of prohibition to issue, relators must establish: (1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists." Commercial Savings Bank v. Wyandot Cty. Court of CommonPleas (1988), 35 Ohio St.3d 192, 193.
 {¶ 5} In their petition and memorandum in opposition to the motion to dismiss, relators allege that Judge Abood has scheduled a hearing on and is prepared to proceed on a matter over which he does not have jurisdiction, that matter being the validity of the order granting an automatic stay pending appeal. Relators contend that because governmental agencies and officials are entitled to an automatic stay of a trial court order pending appeal, and the trial court had no discretion in that regard, respondent similarly *Page 4 
has no discretion or authority to revisit the issue of the stay. Respondent asserts that there is some question as to whether relators were authorized to request the stay pending appeal and whether that action was taken in violation of R.C. 121.22, Ohio's open meeting or "Sunshine" law.
 {¶ 6} The Supreme Court of Ohio has declared that pursuant to Civ.R. 62, when an appeal is taken by the state or a political subdivision, or an administrative agency of either, or by any officer thereof acting in his representative capacity, the governmental appellant is entitled to a stay of the judgment as a matter of right. State ex rel. Ocasek v.Riley (1978), 54 Ohio St.2d 488. In reaching its holding inOcasek, the court granted a writ of prohibition and specifically determined that the respondent, a judge of a common pleas court, could not hold a hearing on the propriety of the appellants' motion for a stay pending appeal because the court had no discretion in the matter and was required to grant the stay as a matter of law. A hearing on the motion, in the court's opinion, would be an "inappropriate proceeding." Id. at 490. The Supreme Court of Ohio has consistently maintained this position with regard to stays granted to governmental agencies, and has regularly granted writs of prohibition and mandamus to either prevent such hearings or to compel the granting of a stay. See State ex rel. GeaugaCty. Bd. of Commrs. v. Milligan, 100 Ohio St.3d 366, 2003-Ohio-6608;State ex rel. State Fire Marshal v. Curl (2000), 87 Ohio St.3d 568. See, also, Dayton City School Dist. Bd. of Edn. v. Dayton Edn. Assn. (1992),80 Ohio App.3d 758. Indeed, in his motion to dismiss, *Page 5 
respondent concedes that relators' stay was granted as a matter of right to a requesting governmental agency.
 {¶ 7} Respondent asserts, however, that there is a question as to the validity of relators' stay because relators filed their notice of appeal and request for stay in violation of Ohio's open meetings law. If respondent believes that relators have violated the open meetings law, R.C. 121.22 (I) allows any person to bring an action to enforce that law within two years of the date of the violation. Because the Hack
plaintiffs have also raised the open meeting issue in their motion to file an amicus brief or, in the alternative, to intervene, they too should look to R.C. 121.22(I) to seek redress. Accordingly, the motion to file an amicus brief or to intervene is denied.
 {¶ 8} In light of the precedent cited above, it is clear that the hearing scheduled on the motion to dissolve the stay in Hack is an "inappropriate proceeding," and respondent has no authority to hold such a hearing. Respondent's motion to dismiss is therefore denied. Additionally, relators' request to take judicial notice is moot.
 {¶ 9} Upon consideration whereof, this court finds that relators' petition in prohibition is well-taken. The court hereby issues a writ of prohibition ordering respondent, Judge Charles D. Abood, not to proceed with a hearing on the motion to dissolve the stay in Hack. Having granted the writ of prohibition, we need not address the petition for a writ of mandamus because relators have already been granted a stay as a matter of right and that stay cannot be dissolved while the appeal inHack is pending. *Page 6 
Pursuant to R.C. 2731.08, this writ shall be personally served on respondent by a deputy sheriff of Lucas County. Costs to respondent.
 {¶ 10} It is so ordered.
PETITION GRANTED.
The clerk is further directed to immediately serve upon all otherparties a copy of this alternative writ in a manner prescribed by Civ.R.5(B).
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1