Curt C. Hartman, Judge
This matter is before the Court on the Motion to Stay Execution of Judgment Pending Appeal wherein Plaintiff WBCMT 2007-C33 OFFICE 7870, LLC, seeks "to maintain the status quo" by staying execution or enforcement proceedings of the Final Judgment Entry , entered on February 21, 2018, as well as staying the underlying Opinion Concluding Court Lacks Continued Jurisdiction Over Current Proceedings and the Entry Vacating Order and Judgment Entered Under and Pursuant to the Amended Complaint . Because the Final Judgment Entry neither enters a monetary award against WBCMT 2007-C33 nor compels WBCMT 2007-C33 to undertaken or perform any action, there is no execution or enforcement proceedings that could be stayed. Thus, it would be an illusory and futile act for the Court to stay execution or enforcement proceedings with respect to the Final Judgment Entry . Alternatively, upon consideration and weighing of the four traditional stay factors applicable to stays pending appeal, WBCMT 2007-C33 has failed to satisfy its burden of demonstrating the circumstances justify the exercise of this Court's discretion to issue the requested stay. Accordingly, the Motion to Stay Execution of Judgment Pending Appeal is DENIED.
I.
The lengthy history of the proceedings sub judice is set forth in detail in the Opinion Concluding Court Lacks Continued Jurisdiction Over Current Proceedings , entered on February 21, 2018. Pursuant to that Opinion , this Court concluded that it lacked jurisdiction over all proceedings under the Amended Complaint which WBCMT 2007-C33 filed after final judgments had been entered in the foreclosure proceedings brought pursuant to the original Complaint . Consistent with that conclusion, all interlocutory orders and the interlocutory judgment entered pursuant to the Amended Complaint were vacated and the Amended Complaint dismissed for want of jurisdiction. Included within the orders or judgment vacated was the Judgment *777 Entry Granting Plaintiff's Motion for Summary Judgment (entered on March 22, 2016) which entered a judgment against the THOMPSON DEFENDANTS "in an amount not less than the $258,669.58", as well as an additional deficiency judgment of nearly $7 million against two of the THOMPSON DEFENDANTS, including ANTHONY THOMPSON.
Previously, the THOMPSON DEFENDANTS appealed that Judgment Entry to the First District Court of Appeals. Notice of Appeal (filed on April 20, 2016) . Ultimately, on March 17, 2017, the First District concluded that the Judgment Entry "did not determine the action and prevent a judgment" and, therefore, "it is not a final order". Accordingly, that earlier appeal was dismissed for want of appellate jurisdiction and the case remanded to this Court. Judgment Entry of Dismissal (C-16-00422) .
In the interim, WBCMT 2007-C33 domesticated the Judgment Entry in Lake County, Florida, on October 31, 2016. Motion to Stay Execution ¶ 2. Ensuing enforcement actions in Lake County resulted in the sheriff of Lake County seizing the personal property of Mr. THOMPSON, with such personal property continuing to be in the possession, custody or control of the sheriff. Motion to Stay Execution ¶ 3.
When the premature appeal of the Judgment Entry was remanded from the First District, this case was transferred to the undersigned. Entry of Assignment . Upon a review of the pleadings, filings, etc. , the Court questioned whether it continued to possess jurisdiction over the case sub judice . After affording the parties the opportunity to address the issues related thereto, this Court concluded that, prior to the filing of the Amended Complaint which brought entirely new claims against new parties and eliminated all previous claims and parties named in the original Complaint , final judgments had been entered pursuant to the Complaint, thus terminating the Court's jurisdiction. Opinion Concluding Court Lacks Continued Jurisdiction Over Current Proceedings; see Mason v. Alexander , 44 Ohio St. 318, 333, 7 N.E. 435 (1886) ("where jurisdiction is once acquired, unless the action be ended by the parties, the jurisdiction continues until final judgment in the case"); In re Burton S. , 136 Ohio App.3d 386, 391, 736 N.E.2d 928 (6th Dist.) ("[o]nce a court of competent jurisdiction acquires jurisdiction over an action, its authority continues until a final judgment on the merits of the dispute before it has been issued"). And it was based upon the claims in the Amended Complaint that this Court entered the Judgment Entry Granting Plaintiff's Motion for Summary Judgment and WBCMT 2007-C33 undertook enforcement action in Florida.
Without jurisdiction over the claims asserted in the Amended Complaint , the Court entered the Entry Vacating Order and Judgment Entered Under and Pursuant to the Amended Complaint , together with the Final Judgment Entry dismissing the Amended Complaint . Subsequently, i.e. , on March 7, 2018, WBCMT 2007-C33 filed the presently-pending Motion to Stay Execution , followed the next day by filing the Notice of Appeal . Through the Notice of Appeal , WBCMT 2007-C33 seeks review by the First District of this Court's ruling concerning whether this Court possessed continued jurisdiction over the claims asserted in the Amended Complaint .
II.
Ohio R. Civ. P. 62(B) authorizes the issuance of a stay pending the appeal of a judgment:
*778 When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court
Thus, even though an appeal has been taken, " Civ. R. 62 specifically provides that the trial court is not divested of jurisdiction to grant a stay of execution." Huntington Natl. Bank v. Payson , 2015-Ohio-1976, 2015 WL 2452302 ¶ 28 (2d Dist.). Thus, the Motion to Stay Execution is properly before this Court.
A.
Before addressing the traditional factors as it concerns the Motion to Stay Execution , consideration must be given to that for which a stay is actually being sought. This is necessary because the Final Judgment Entry from which the present appeal has been taken does not enter a judgment that is amenable to execution.[1] Instead, the Final Judgment Entry simply dismissed the Amended Complaint for want of jurisdiction. And as a result of such disposition, any interlocutory orders or interlocutory judgment entered pursuant to the Amended Complaint were vacated. See Entry Vacating Order and Judgment Entered Under and Pursuant to the Amended Complaint . Thus, to stay execution or enforcement proceedings of the Final Judgment Entry would, at best, allow interlocutory orders or the interlocutory judgment to remain in place or effect; but there is not a final judgment subject to execution or enforcement proceedings, or even potential execution or enforcement proceedings.[2]
Ohio R. Civ. P 62(B) allows for "a stay of execution of a judgment or any proceedings to enforce a judgment." Thus, it is the execution of a judgment or other enforcement proceedings of a judgment that are stayed; the judgment itself is not stayed. Generally speaking, there are two types of judgments for which execution or enforcement proceedings may arise, viz. , judgments for payment of money and judgments directing the performance of a specific act. See generally Ohio R. Civ. P. 69 & 70. But with respect to the Final Judgment Entry to which the Motion to Stay Execution is directed, nothing therein is of the nature by which the THOMPSON DEFENDANTS could execute or undertake proceedings in aid thereof *779 against WBCMT 2007-C33. The Final Judgment Entry does not adjudicate against WBCMT 2007-C33 a monetary award; similarly, the Final Judgment Entry does not compel or require WBCMT 2007-C33 to undertake or perform any action for which, absent a stay, it could be held in contempt for the failure to perform. See State ex rel. State Fire Marshal v. Curl , 87 Ohio St.3d 568, 570, 2000-Ohio-248, 722 N.E.2d 73 ("[a] trial court, however, lacks jurisdiction to execute a judgment or contempt proceedings regarding the judgment if there is a stay of the judgment pending appeal").
Because the Final Judgment Entry neither awards a monetary award against WBCMT 2007-C33 nor directs WBCMT 2007-C33 to undertake or perform any action, there is no execution or enforcement proceedings that could be stayed. Instead, the result should the Court grant the Motion to Stay Execution would be illusory and a futile act. For that reason alone, the Motion to Stay Execution of Judgment Pending Appeal is DENIED.
B.
Nonetheless, the Court will separately and alternatively consider the traditional stay factors in light of the gist of that which WBCMT 2007-C33 seeks through the Motion to Stay Execution , viz. , to keep in place, pending appeal, the Judgment Entry Granting Plaintiff's Motion for Summary Judgment (entered on March 22, 2016) upon which enforcement proceedings are pending in Florida.
While there is a dearth of direct precedent in Ohio concerning the standard for the issuance vel non of a stay pending appeal, Ohio civil and appellate rules were patterned after the federal rules. In fact, the Ohio Supreme Court has expressly recognized that "the Ohio Rules of Civil Procedure, including Civ. R. 62, were patterned after the Federal Rules of Civil Procedure." State ex rel. State Fire Marshal v. Curl , 87 Ohio St.3d 568, 571, 2000-Ohio-248, 722 N.E.2d 73. Thus, this Court is guided by the federal precedent in considering the Motion to Stay Execution .
"A stay is not a matter of right.... It is instead 'an exercise of judicial discretion' ... [that] is dependent upon the circumstances of the particular case." Lair v. Bullock , 697 F.3d 1200, 1203 (9th Cir. 2012) ; see Ohio Carpenter's Pension Fund v. Ls Ctr., LLC. , 2006-Ohio-2214, 2006 WL 1174492 ¶ 31 (8th Dist.) ("[a]n appellate court applies an abuse of discretion standard when reviewing a trial court's denial of a motion for a stay of execution of judgment and request for bond"). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that [judicial] discretion." Nken v. Holder , 556 U.S. 418, 433-434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009).
Four "traditional stay factors" govern the granting vel non of a stay pending appeal. See Nken , 556 U.S. at 422 & 426, 129 S.Ct. 1749 (2009). These factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injury the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 426, 129 S.Ct. 1749 (quoting Hilton v. Braunskill , 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) ); accord Chafin v. Chafin , 568 U.S. 165, 179, 133 S.Ct. 1017, 185 L.Ed.2d 1 (2013) (applying the standard articulated in Hilton ). "[Because] the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." Hilton , 481 U.S. at 777, 107 S.Ct. 2113.
*780 "Each factor, however, need not be given equal weight." Standard Havens Prods., Inc. v. Gencor Indus., Inc. , 897 F.2d 511, 512 (Fed. Cir. 1990). In fact, "[t]he f irst two factors of the traditional standard are the most critical." Nken , 556 U.S. at 434, 129 S.Ct. 1749.[3] But, ultimately, the court "assesses [the] movant's chances for success on appeal and weighs the equities as they affect the parties and the public." Standard Havens Prods., Inc. v. Gencor Indus., Inc. , 897 F.2d 511, 513 (Fed. Cir. 1990) (quoting E.I. Dupont de Nemours & Co. v. Phillips Petroleum , 835 F.2d 277, 278 (Fed. Cir. 1987) ).
1.
In considering the likelihood of success on appeal, this Court need not express a lack of confidence in its earlier ruling in order to stay its judgment. See United States v. Fourteen Various Firearms , 897 F.Supp. 271, 273 (E.D. Va. 1995) (reasoning that, to grant a stay of its earlier judgment, a trial court need not " 'change its mind or conclude that its determination on the merits was erroneous.' Rather, the court must determine whether there is a strong likelihood that the issues presented on appeal could be rationally resolved in favor of the party seeking the stay" (quoting St. Agnes Hosp. v. Riddick , 751 F.Supp. 75, 76 (D. Md. 1990) ) ). This standard is met when an appeal raises a "substantial case on the merits", Hilton , 481 U.S. at 778, 107 S.Ct. 2113, or "serious questions going to the merits". Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog , 945 F.2d 150, 153 (6th Cir. 1991). "The standard does not require the petitioners to show that 'it is more likely than not that they will win on the merits.' " Lair , 697 F.3d at 1204 (quoting Leiva-Perez v. Holder , 640 F.3d 962, 966 (9th Cir. 2011) ).
In addition to the arguments posited in its original supplemental briefing on the jurisdictional question, WBCMT 2007-C33 also relies upon the contentions in its Motion for Relief Under Rule 60 to support the merits of their appeal.[4] In the *781 Rule 60 Motion, WBCMT 2007-C33 maintains that the Court should not and cannot raise sua sponte the issue of whether it could properly exercise jurisdiction over the claims asserted in the Amended Complaint and, even if the Court properly raised the issue, the THOMPSON DEFENDANTS nonetheless waived the issue. Rule 60 Motion, at 3-4. Yet, on these two issues, WBCMT 2007-C33 has failed to make a showing that such issues could be rationally resolved in its favor on appeal.
a.
With respect to the Court raising sua sponte the issue of its jurisdiction over the claims in the Amended Complaint, "[w]henever a want of jurisdiction is suggested by a court's examination of the case or otherwise, the court has a duty to consider it, for the court is powerless to act in the case without jurisdiction." Pal v. ABS Industries , 11 Ohio App.3d 156, 157, 463 N.E.2d 653 (11th Dist. 1983). And, thus, upon this case being transferred to the undersigned, see Entry of Assignment, and upon a review of the pleadings, filings, etc. , the Court appropriately questioned and afforded the parties the opportunity to address whether it continued to possess jurisdiction or could exercise jurisdiction over the claims brought in the Amended Complaint .
b.
With respect to the Court raising sua sponte the jurisdictional issue and the propriety vel non thereof, WBCMT 2007-C33 repeatedly conflates and attempts to merge the concept of personal jurisdiction with that of the exercise of jurisdiction over a particular case. See, e.g., Rule 60 Motion, at 4 ("the defense of lack of jurisdiction is a waivable defense"). Under Ohio R. Civ. P. 12(H)(1), the defense of lack of jurisdiction over the person is waived if it is not included in a motion made pursuant to Ohio R. Civ. P. 12(B) or included in a responsive pleading; but no provision so provides with respect to the exercise of jurisdiction over the particular case . The exercise of jurisdiction over a particular case is a concept separate and distinct from jurisdiction over the person. See State v. Dyne , 2016-Ohio-1476, 2016 WL 1393646 ¶ 16 (5th Dist.) ("[t]he Ohio Supreme Court has recognized that the term 'jurisdiction' encompasses three distinct concepts: 1) subject matter jurisdiction; 2) jurisdiction over the person; and 3) jurisdiction over the particular case").[5]
Thus, while WBCMT 2007-C33 repeatedly cites to cases admonishing trial courts from raising sua sponte jurisdictional issues when such issues have been waived, those cases are limited to situations involving personal jurisdiction, not the exercise of jurisdiction over a particular case. See Rule 60 Motion, at 5 (citing *782 Shoptaw v. I & A Auto Sales, Inc. , 2012-Ohio-6259, 2012 WL 6738672 ¶ 19 (10th Dist.) ("[o]nce the lack of personal jurisdiction was waived, the trial court could not sua sponte address the issue of personal jurisdiction" (quoting D'Amore v. Mathews , 193 Ohio App.3d 575, 2011-Ohio-2853, 952 N.E.2d 1212 ¶ 34 (12th Dist.) ), and Snyder Computer Systems v. Sayas Auto Sales , 2009-Ohio-6759, 2009 WL 4895306 ¶ 25 (7th Dist.) ("personal jurisdiction is waivable and need not be raised by the trial court sua sponte ") ).
Thus, it is a red herring to bootstrap decisions relating to personal jurisdiction to matters related to the exercise of jurisdiction over a particular case, especially as the latter is tied to the exercise of subject-matter jurisdiction, not personal jurisdiction. See Pratts v. Hurley , 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992 ¶ 10 ("[t]here is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it"); Kalbaugh v. Kalbaugh , 2017-Ohio-4272, 2017 WL 2588060 ¶ 8 (9th Dist.) ("[t]he term 'jurisdiction' is also used to refer to a court's exercise of authority over a particular case within the class of cases that is under the court's subject matter jurisdiction").
c.
Furthermore, notwithstanding the effort of WBCMT 2007-C33 to claim waiver, the Ohio Supreme Court has expressly rejected the proposition that a challenge to the exercise of jurisdiction over a particular case or certain aspects of a case may be waived. In State v. Filiaggi , 86 Ohio St.3d 230, 714 N.E.2d 867 (1999), the Court considered the exercise by a single judge versus a three-judge panel of jurisdiction over criminal charges involving both a capital charge, i.e. , aggravated murder, and several non-capital charges. With the defendant in Filiaggi waiving his right to be tried by a jury on all charges, a three-judge panel decided only the aggravated murder count and the accompanying specifications, while the presiding judge alone entered verdicts on all the remaining non-capital charges connected to the death-penalty case.
Even though the common pleas court had subject matter jurisdiction over all the criminal charges involved, see Ohio Rev. Code § 2931.03, the Ohio Supreme Court ultimately concluded that "the presiding judge did not have sole authority to enter a verdict on the noncapital charges." Filiaggi , 86 Ohio St.3d at 240, 714 N.E.2d 867. Stated otherwise, the Ohio Supreme Court concluded the presiding judge acting alone lacked jurisdiction over the particular portion of the case involving the non-capital charges; instead, only the three-judge panel could properly exercise jurisdiction over the non-capital charges. See Pratts , 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992 ¶¶ 20 & 21 (" Filiaggi concluded that the three-judge panel was 'jurisdictional' and could not be waived... The references in Filiaggi ...to the jurisdictional nature of the three-judge panel have been misinterpreted. [It] [does not] stand[ ] for the proposition that a court lacks subject-matter jurisdiction in a death penalty case if it fails to convene the three-judge panel upon a defendant's waiver of a jury. [The] case was properly commenced in the common pleas court.... The resulting judgment[ ] [was] voidable, not void, and properly challenged on direct appeal. For this reason, we were able to remand [ ] Filiaggi ... for the court below to correct the error in the exercise of jurisdiction" (emphasis in original).)
And comparable to WBCMT 2007-C33 as posited in the Rule 60 Motion , "[t]he state [in Filiaggi ] contend[ed] that defendant consented to the procedure *783 and therefore waived any error." Filiaggi , 86 Ohio St.3d at 239, 714 N.E.2d 867. Expressly rejecting this proposition, the Ohio Supreme Court "conclude[d] that this jurisdictional matter cannot be waived." Id. And the jurisdiction matter which could not be waived concerned the exercise of jurisdiction over a portion of the case, not one of subject matter jurisdiction. In contrast and similar to WBCMT 2007-C33's present argument, the dissent in Filiaggi maintained that error in the exercise of jurisdiction by the single presiding judge was waived. Id. at 254-55, 714 N.E.2d 867 (Cook, J., concurring in part and dissenting in part)("I would find that any error resulting from a single judge deciding the noncapital offenses in this case was waived by the defendant's failure to object"). But as the Ohio Supreme Court recognized and held in Filiaggi , a party may not consent or waive a court's improper exercise jurisdiction over a particular case or a portion thereof. Similarly, the THOMPSON DEFENDANTS could not consent nor waive this Court's exercise of jurisdiction over the claims brought pursuant to the Amended Complaint .[6]
d.
The propriety of this Court in raising and addressing whether it continued to have jurisdiction over the proceedings under the Amended Complaint , as well as the conclusion that the THOMPSON DEFENDANTS did not and could not waive the issue, is further supported when consideration is given to the nature of a judgment issued when there is an error in a court's exercise of jurisdiction over a particular case or a certain aspect of a case. "Where the court undoubtedly has jurisdiction over both the subject matter and the parties, but lacks jurisdiction over the particular case..., the trial court's erroneous exercise of jurisdiction renders the judgment voidable, not void ab initio ." City of Columbus v. Memon , 2009-Ohio-5124, 2009 WL 3090790 ¶ 12 (10th Dist.) ; accord Bank of Am. v. Kuchta , 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040 ¶ 19 ("[i]f a court possesses subject-matter jurisdiction, any error in the invocation *784 or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void"); Kalbaugh v. Kalbaugh , 2017-Ohio-4272, 2017 WL 2588060 ¶ 8 (9th Dist.) ("[i]f a court enters judgment without having subject matter jurisdiction, that judgment is void; however, lack of jurisdiction over a particular case merely renders the judgment voidable").
"A court has the inherent authority to vacate a void judgment and that void judgment may be challenged at any time. To the contrary, a voidable judgment may be challenged only on direct appeal or a Civ.R. 60(B) motion." Howell v. Howell , 2014-Ohio-2195, 2014 WL 2159124 ¶ 8 (10th Dist.) ; accord Lepore v. Breidenbach , 2015-Ohio-2929, 2015 WL 4468230 ¶ 17 (1st Dist.) ("[a] voidable judgment may be attacked on direct appeal or in a timely motion for relief from judgment under Civ.R. 60(B)"). Thus, in contrast to a void judgment, a party may not attack collaterally a voidable judgment. State v. Montgomery , 2003-Ohio-4095, 2003 WL 21781694 ¶ 8 (6th Dist.) ("[a]lthough a void judgment may be subject to collateral attack, a judgment that is merely voidable is not"); accord Miller v. Nelson-Miller , 132 Ohio St.3d 381, 2012-Ohio-2845, 972 N.E.2d 568 ¶¶ 18-20 (concluding party could not collaterally attack a voidable judgment).
Thus, had a final judgment ultimately been entered in the case sub judice pursuant to the Amended Complaint (which had not yet occurred), that judgment would have been a voidable judgment. See Pratts, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992 ¶ 10. ("lack of jurisdiction over the particular case merely renders the judgment voidable"). At that moment, the THOMPSON DEFENDANTS still could have challenged that voidable judgment either on direct appeal or through a timely Rule 60(B) motion.
If a voidable judgment can be challenged either on direct appeal or through a Rule 60(B) motion, then a fortiori the jurisdiction of a court over a particular case is subject to challenge at the trial-court level at any time prior to the entry of the final, albeit voidable, judgment. But once that final, voidable judgment is ultimately entered, the party against whom the judgment was entered has limited options and a limited period in which to challenge the validity vel non of that judgment. "After the thirty day time for the appeal of a judgment has run, the voidability of the judgment is removed, except in the limited circumstances under Civil Rule 60. If the judgment was voidable and not appealed, it is not a mere nullity, it cannot be disregarded, it cannot be attacked collaterally, and it remains in full force and effect." Eisenberg v. Peyton, 56 Ohio App.2d 144, 151, 381 N.E.2d 1136 (8th Dist. 1978).
In light of the foregoing and the Ohio Supreme Court's holding in Filiaggi , the propriety vel non of a court's exercise of jurisdiction over a particular case or certain aspects of a case, while not subject to collateral attack, is subject to direct attack at any time prior to the entry of a final (albeit voidable) judgment, after the final and voidable judgment has been entered if timely asserted, or even for the first time on appeal. Thus, with respect to the contentions regarding this Court raising sua sponte its continued jurisdiction over the proceedings under the Amended Complaint and whether the THOMPSON DEFENDANTS waived the issue prior to the entry of a final and voidable judgment, WBCMT 2007-C33 has not met its burden of demonstrating a strong likelihood that these issues could be rationally resolved in *785 its favor on appeal.[7]
2.
As for whether it will be irreparably injured absent a stay, WBCMT 2007-C33 ties its putative injury to the domestication in Florida of the Judgment Entry Granting Plaintiffs Motion for Summary Judgment (entered on March 22, 2016) and the ensuing enforcement actions thereon. Specifically, WBCMT 2007-C33 references the effort of Mr. THOMPSON to have the personal property previously seized (and still being held) in Florida released back to him. Motion to Stay Execution ¶ 5. Claiming that "[i]f the Persona! Property is released to [Mr.] Thompson and [WBCMT 2007-C33] prevails in the Appeal, [WBCMT 2007-C33] may be irreparably harmed because [Mr.] Thompson may dispose of the Personal Property in the interim." Motion to Stay Execution ¶ 7. Thus, WBCMT 2007-C33 clearly seeks the stay in order to support its current or anticipated efforts to convince the Florida court not to order the return of Mr. THOMPSON'S personal property.
However, success vel non by WBCMT 2007-C33 on appeal will not affect the enforceability of the Judgment Entry Granting Plaintiff's Motion for Summary Judgment . "[U]nder the [Florida Enforcement of Foreign Judgments Act,] the judgment sought to be domesticated must be final." Joannou v. Corsini , 543 So.2d 308, 310 (Fla. App. 4th Dist. 1989). And it is only upon the domestication of a foreign final judgment that execution may proceed. Yet, pursuant to the law-of-the-case as pronounced by the First District, the Judgment Entry Granting Plaintiffs Motion for Summary Judgment is not a final judgment. And beyond respecting and abiding by the law-of-the-case doctrine, this Court would further note that the Judgment Entry purports to award damages to WBCMT 2007-C33 in an indeterminate amount of "not less than" $258,669.58. See Judgment Entry , at 2-3.[8]
*786 Thus, as it currently stands, the Judgment Entry could not properly be subject to domestication in Florida and the ensuing efforts by WBCMT 2007-C33 to execute upon such an improperly-domesticated judgment would be improper.
Accordingly, even if the First District should ultimately conclude that this Court continued to have jurisdiction over the claims in the Amended Complaint , any ensuing proceedings in the case sub judice on the still-outstanding issues concerning the claims in the Amended Complaint , including the Judgment Entry Granting Plaintiff's Motion for Summary Judgment , would not affect the ability of WBCMT 2007-C33 to proceed to execute on the Judgment Entry in Florida; domestication in Florida and execution thereon would still be premature and improper as the Judgment Entry is not a final judgment. Accordingly, WBCMT 2007-C33 will not and cannot suffer injury, let alone irreparably injury, upon which a stay pending appeal might issue.
3.
As for the third traditional stay factor, viz. , whether issuance of the stay will substantially injure the other parties interested in the proceeding, the Court finds that, if the requested stay in favor of WBCMT 2007-C33 were granted so as to have an interlocutory judgment effectively in place, Mr. THOMPSON will suffer injury. As developed supra , there is no legal basis by which an interlocutory judgment *787 may be domesticated or enforced in Florida. Instead. WBCMT 2007-C33, essentially seeks to continue what it has started in Florida which can only be characterized as an improper pre-judgment attachment of personal property based upon an interlocutory judgment issued in Ohio.
Furthermore, WBCMT 2007-C33 has offered no evidence supporting an appropriate supersedeas bond that would protect Mr. THOMPSON should a stay prove to be improvidently granted. See Kyrkos v. Superior Beverage Group, Ltd. , 2013-Ohio-4597, 2013 WL 5676256 ¶ 32 (8th Dist.) ("[w]e cannot say the trial court abused its discretion in deciding not to set bond at $500,000 where there was no evidence to support such an amount"). While WBCMT 2007-C33 declares that it agrees to post a bond in an amount equivalent to what it characterizes as the value of the personal property of Mr. THOMPSON already seized by the sheriff of Lake County, it only offers a conclusory estimation of what it believes the value of such property to be. Motion to Stay Execution ¶ 8. But "[a]rguments of counsel are not evidence." Thornton v. Conrad , 194 Ohio App.3d 34, 2011-Ohio-3590, 954 N.E.2d 666 ¶ 18 (8th Dist.). Furthermore, limiting a supersedeas bond to the value of the personal property seized fails to take into consideration any damages arising from the loss of use. Nonetheless, with the limited and speculative matters presented to the Court and without any inventory of the personal property already seized and who actually arrived at the estimation and the methodology thereof, the setting of a supersedeas bond would be pure speculation by the Court.
4.
Finally, while the public interest lies in ensuring individuals pay their just debts, as well as discouraging judgment debtors from absconding with or hiding assets that might satisfy a judgment, the public interest also supports following statutory methods for pre-judgment attachment (which has not occurred in this case) and awaiting a final judgment before execution may be commenced. In the context of this case, the public interest does not support premature efforts to execute a judgment not yet final.
III.
Under the facts and circumstances of this case, WBCMT 2007-C33 has failed to demonstrate sufficient grounds that warrant staying the Final Judgment Entry and the underlying entries, including the Opinion Concluding Court Lacks Continued Jurisdiction Over Current Proceedings and the Entry Vacating Order and Judgment Entered Under and Pursuant to the Amended Complaint . To issue a stay would de facto be illusory, as doing so would have no impact upon the enforceability of the interlocutory Judgment Entry Granting Plaintiff's Motion for Summary Judgment; it would still not be enforceable. Issuing a stay would have no impact on the impropriety of the domestication in Florida of the Judgment Entry and the subsequent execution thereon; doing so was premature and improper under Florida law. Alternatively, consideration of the traditional stay factors further militate against the issuance of a stay pending appeal. Not only has WBCMT 2007-C33 failed to demonstrate the sufficiency of an adequate supersedeas bond, but, in light of the interlocutory nature of the proceedings to date under the Amended Complaint , greater harm will inure to Mr. THOMPSON as opposed to WBCMT 2007-C33 were a stay to issue.
*788 For the foregoing reasons, the Motion to Stay Execution of Judgment Pending Appeal is DENIED.
SO ORDERED.

It should be noted at the outset the well-established principle of appellate jurisprudence that courts of appeals review judgments from which appeals are taken, not the contents of an opinion that supports the judgment. Spears v. Ritchey , 108 Ohio App. 358, 364, 161 N.E.2d 516 (9th Dist. 1958) ("[w]e, however, do not review opinions, but judgments"); accord Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc. , 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("this Court reviews judgments, not opinions"); Arons v. N.J. Network , 342 N.J.Super. 168, 775 A.2d 778, 785 (A.D. 2001) ("appeals are taken from judgments, not opinions"). Thus, ultimately, the sole issue before the First District will be a review of the Final Judgment Entry which dismissed the Amended Complaint for want of jurisdiction. And while the Opinion Concluding Court Lacks Continued Jurisdiction Over Current Proceedings will undoubtedly inform the First District in conducting its review, it is the Final Judgment Entry which is actually being appealed and the enforcement of which is subject to being stayed.

As developed in the Opinion Concluding Court Lacks Continued Jurisdiction Over Current Proceedings, at 15-17 , execution can be effectuated only upon a final judgment, not an interlocutory judgment. Thus, even without the Final Judgment Entry , there is no final judgment upon which WBCMT 2007-C33 may execute.

During oral argument on the pending motion, WBCMT 2007-C33 maintained that the Court is not afforded any discretion on the issuance of a stay pending appeal when an adequate bond has been tendered. But the context of rulings supporting such a legal proposition involves appeals taken by governmental actors. As explained by the Sixth District in Sand Beach Conservancy Dist. v. Ahood , 2007-Ohio-6521, 2007 WL 4277589 (6th Dist.) :
The Supreme Court of Ohio has declared that pursuant to Civ.R. 62, when an appeal is taken by the state or a political subdivision, or an administrative agency of either, or by any officer thereof acting in his representative capacity, the governmental appellant is entitled to a stay of the judgment as a matter of right.... The Supreme Court of Ohio has consistently maintained this position with regard to stays granted to governmental agencies, and has regularly granted writs of prohibition and mandamus to either prevent such hearings or to compel the granting of a stay.
Id. ¶ 6 ; accord State Fire Marshal , 87 Ohio St.3d at 572, 2000-Ohio-248, 722 N.E.2d 73 ("the governmental entity appealing the civil judgment was entitled to a stay pending appeal as a matter of right without posting a supersedeas bond"); Dayton City School Dist. Bd. of Ed. v. Dayton Ed. Ass'n , 80 Ohio App.3d 758, 760, 610 N.E.2d 615 (2d Dist. 1992) (agreeing with "the proposition that a trial court must grant a stay of execution of a judgment, pending appeal, to a governmental agency; in other words, the trial court has no discretion to deny a governmental agency's motion for a stay of execution of a judgment pending appeal").

While WBCMT 2007-C33 maintained at oral argument that, upon establishment of an adequate bond, it was automatically entitled to the issuance of a stay as a matter of right, as noted above, see note 3, supra , the entitlement to a stay as a matter of right is afforded to governmental entities and officials. Thus, while maintaining this argument, WBCMT 2007-C33 offered the arguments in its Rule 60 Motion in the alternative and at the Court's invitation.

With respect to the third category, i.e. , "jurisdiction over the particular case", courts have also characterized the concept in terms of the "exercise" of jurisdiction, either utilizing the phrase the "exercise of jurisdiction over a particular case" or characterizing the issue as "an error in the exercise of jurisdiction". See, e.g. , Pratts v. Hurley , 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992 ¶ 12 ("[t]he term 'jurisdiction' is also used when referring to a court's exercise of its jurisdiction over a particular case"); State ex rel. West v. McDonnell , 139 Ohio St.3d 115, 2014-Ohio-1562, 9 N.E.3d 1025 ¶ 24 ("[a]ny error...was an error in the exercise of jurisdiction, rather than an action undertaken in the absence of subject-matter jurisdiction"). And issues related to the exercise of jurisdiction over a case include the exercise of jurisdiction over a portion of a case or the exercise of jurisdiction over certain matters within in a case.

Concededly and as WBCMT 2007-C33 notes, see Rule 60 Motion, at 4, the Tenth District has declared that "when an opposing party fails to timely raise a challenge to a court's jurisdiction over a particular case, that alleged error is waived and not preserved for appeal." Nationstar Mtge. L.L.C. v. Payne , 2017-Ohio-513, 85 N.E.3d 249 ¶ 39 (10th Dist.). However, that aspect of the opinion addressed waiver in terms of preserving an issue for appellate review, id. ¶ 40 ("[appellant's] failure to timely assert the lack of standing would result in waiver of the argument on appeal"), and also constituted dicta as the Tenth District proceeded to consider the merits of the trial court's exercise of jurisdiction over the case, see id. ("will consider [appellant's] standing argument on appeal").
Furthermore and notwithstanding the foregoing, the decision in Nationstar is bereft of any substantive legal analysis on the particular issue. The Tenth District failed to recognized, let alone consider, that, when a court lacks jurisdiction over a particular case, the final judgment that issues is, upon issuance, a voidable judgment. The Tenth District further failed to consider, let alone address, what it means for a judgment to be voidable and how and when such judgments can be challenged. When substantive legal analysis is actually given to these matters, as this Court does infra , it becomes readily apparent that a challenge to a court's jurisdiction over a particular case is not subject to waiver in the trial court, but is subject to being challenged for the first time on appeal or post-final judgment through a Rule 60(B) motion. Additionally, in Filiaggi , the Ohio Supreme Court expressly rejected the proposition that, through either consent or a failure to object, a party waives the opportunity to later challenge the exercise of jurisdiction over a particular case or portion of a case. But as the issue of this Court's exercise of jurisdiction over the claims under the Amended Complaint was raised prior to the entry of any final judgment, Nationstar and the other cases relied upon by WBCMT 2007-C33 are inapposite.

In seeking the stay pending appeal, WBCMT 2007-C33 has not raised or addressed directly the decision and rationale upon which the Court entered the Final Judgment Entry , i.e. , the Opinion Concluding Court Lacks Continued Jurisdiction Over Current Proceedings . Nonetheless, in considering the Motion to Stay Execution , the Court has sua sponte assessed again the analysis thereon, as well the arguments posited by WBCMT 2007-C33, in order to consider whether there is a strong likelihood that the issues presented on appeal could be rationally resolved in favor of WBCMT 2007-C33. While no legal precedent involved the particular context of the jurisdictional issue and the procedural posture in which it arose in the case sub judice , the legal propositions supporting the Opinion are well-established, including, most notably, that a trial court's jurisdiction continues until entry of a final judgment on the merits, at which point, the court is divested of jurisdiction over the merits save limited post-judgment motions authorized by statute or the civil rules.

During oral argument on the Motion for Stay, WBCMT 2007-C33 asserted that, through its Notice of Conditional Waiver of Claims (filed on June 7, 2017), the Judgment Entry Granting Plaintiffs Motion for Summary Judgment suddenly transmuted from a non-final judgment into a final judgment, albeit without any entry or endorsement of the Court. Stated otherwise, WBCMT 2007-C33 maintains that it alone somehow amended a judgment without involvement of the Court by declaring that, subject to certain conditions, it was foregoing its claim for attorney fees, punitive damages, etc. But a judgment, including an amended judgment, is a decree or order issued by a court, not a party. Whether a party, through a filing not even recognized by the Ohio Rules of Civil Procedure, may convert, independent of court action, a non-final judgment into a final judgment is highly questionable and doubtful. But the Court need not resolve this issue.
"Conditional dismissals, ones subject to further action given a predicted set of circumstances, cannot be final orders subject to appeal because such a dismissal by its nature leaves unresolved issues set to arise following the stated occurrence [or] the stated condition." Myocare Nursing Home, Inc. v. Hohmann , 2017-Ohio-186, 2017 WL 235479 ¶ 6 (8th Dist.) ; see Infinite Security Solutions, L.L.C. v. Karam Properties II, Ltd. , 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211 ¶ 2 ("we reject the notion of a 'conditional' dismissal"). But WBCMT 2007-C33 expressly conditioned its waiver upon "the Judgment not being reversed, overturned, or revised in the Court or any appellate court, and [WBCMT 2007-C33] expressly reserve[d] and preserve[d] the right to seek the fees, costs, and damages hereby waived if the Judgment is ever reversed, overturned, or revised in the Court or any appellate court." Notice of Conditional Waiver, at 2 . Thus, through such conditional language by which the claims therein could be resurrected, a final judgment could not come into being. See Myocare Nursing Home , 2017-Ohio-186 ¶ 5 ("the parties forged their own path and dismissed the compulsory counterclaim without prejudice, but expressly conditioned upon resurrecting the compulsory counterclaim following the resolution of the appeal and regardless of the applicable law. In effect, the parties have attempted to consent to our [appellate] jurisdiction where it would otherwise be lacking. Civ.R. 41(A)(1)(b) cannot be used to conditionally dismiss a compulsory counterclaim in order to convert an interlocutory judgment into a final appealable one").
Furthermore, the Notice of Conditional Waiver expressly declared that, "[f]or the avoidance of doubt", it did not affect the provisions of the Judgment Entry wherein specific dollar amounts were involved, i.e. , $258,669.58 and the deficiency judgment for nearly $7 million. While the Notice declared the former amount as a definitive figure, as noted in the Opinion Concluding Court Lacks Continued Jurisdiction Over Current Proceedings, at 8-9 & 9 n.11 , the Judgment Entry actually awarded judgment in an indeterminate amount, viz. , "in an amount not less than the $258,669.58 in Unrecovered Funds". Thus, even if WBCMT 2007-C33 could create a final judgment through a conditional waiver of its claims for attorney fees, punitive damages, etc. , the decree issued by this Court still has the indefinite language in terms of the monetary award.
Because, "[a] court of record speaks only through its journal entries", Hairston v. Seidner , 88 Ohio St.3d 57, 58, 2000-Ohio-271, 723 N.E.2d 575, the Judgment Entry itself still contains language entering judgment "in an amount not less than the $258,669.58". Absent an amended judgment being entered by the Court, the decree issued by and in the name of the Court constitutes the judgment; and the indefiniteness of the monetary award remains. Thus, notwithstanding the Notice of Conditional Waiver , the Judgment Entry still lacks the definitiveness in this regard in order to constitute a final appealable judgment.